**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:22-CV-00473-GPG
(To be supplied by the court)

DENNIS RODRIGUEZ _____, Plaintiff

v.

COLORADO DEP'T. OF CORRECTIONS ET. AL.

M/s. YEGAPAN, DRDC MED. PROVIDER FOR CDOC.

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO**

**MAR 11 2022**

**JEFFREY P. COLWELL
CLERK**

---

**PRISONER COMPLAINT**

---

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

appropriate manner.

6.    I have attached to this motion a signed authorization directing my custodian to calculate and disburse funds from my inmate trust fund account or institutional equivalent to pay the required filing fee.

7.    I have attached to this motion a certificate from the appropriate official at each penal institution in which I have been confined during the six-month period immediately preceding the filing of the action and a certified copy of my inmate trust fund account statement for the same six-month period.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the information in this motion and affidavit is true and correct. See 28 § U.S.C. 1746; 18 U.S.C. § 1621.

Executed on ~~2-15-2022~~ 03-07-2022
               (date)

_Dennis Rodriguez_
(Prisoner's Original Signature)

2

## A.    PLAINTIFF'S INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

**DENNIS RODRIGUEZ #84369**
**DRDC/ UNIT 4-B-306**
**P.O. BOX 392004**
**DENVER, COLORADO 80239**

X Convicted and sentenced state prisoner.

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If More space is needed, use extra paper to provide the information requested. The additional Pages regarding defendants should be labeled. "B. DEFENDANT(S) INFORMATION."*

Defendant(s): **Ms. Yegapan MD & (medical staff)    Colorado Dep't of Corrections**
**DRDC                                        Constitute Services of CDOC**
**P.O. BOX 392004                             1250 Academy Park loop**
**DENVER, COLORADO 80239                      Colorado Springs, CO 80910**

**At the time of the claim(s) in this complaint arose, the defendant(s) was Acting under the color of state law.**

**Defendant(s) are being sued in their official capacity.**

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s)*

X 42 U.S.C. § 1983 (municipal defendants)

X Discrimination 42 U.S.C. § 1981

3

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in the actin. For each claim, Specify the right that allegedly has been violated and state facts that support your claim, Including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) Involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### SUBSEQUENT MEDICAL HISTORY

1.    On 12/5/2011, I was sentenced to Colorado Department of Corrections for 30 years. Upon arrival I was presented and signed an agreement for the Medical Contract that CDOC would provide all medical issues.

2.    On or about 9/26/2017, I was diagnosed with Stage 4 Nasopharyngeal Cancer. My primary cancer specialist explained to me, information per the oncologist Dr. Douglas Reznick, MD that I did not receive STAGE 4 CANCER overnight and that CDOC knew that there was something wrong with my medical condition and that CDOC just did not want to send me to a specialist. Then he asked if I had been given blood test. And I had indeed. So Douglas Reznick, MD had informed me that it had to show in my blood test an anomaly. Then or about 01/20/2018, I started a "Neoadjuvant" Chemotherapy followed by concurrent chemo radiation due to the "locoregionally" advanced nature of the disease as was provided and reported by my primary provider "Physician Dr. Douglas Reznick MD." The treatment for my cancer continued until on or about 09/15/2018. Then on or about 05/12/2019 I started OPDIVO CHEMOTHERAPY prescribed by DR. Douglas Reznick, MD. On or about 09/18/2021, the treatment of Opdivo was completed.

3.    My primary doctor, Mr. Douglas Reznick, MD. On or about 9/26/2017, prescribed for my pain due to the cancer morphine-vicotine naproxen oxycodone to be taken during the whole extent of my disease to the very date of 01/01/2022.

4.    On or about 09/30/2017, while incarcerated at the DRDC COLORADO PRISON FACILTY the med-line nurse administered the prescriptions ordered by Dr. Reznick MD. Under the direction Ms. Valli Yegappan, MD my CDOC provider. Then on or about 2/1/2018, I went to DRDC med- line and was denied the prescription as ordered by my primary provider MR .Reznick, MD. And that I was subjected to undue physical pain from my cancer and badly needed my medication to function. Also to this date of 2/01/2022, my primary provider ROCKY MOUNTIAN CANCER CENTER DOUGLAS REZNICK, MD has never issued an order to [s]top the pain prescription he ordered for me on or about 9/26/2017. I filed a grievance on this GRIEVANCE # C- DU17/18-00127459 it was denied.

4

5.      On or about 1/2019, Douglas Reznick, MD. Reordered the prescriptions for my cancer pains and side effects that the provider at DRDC had ultimately stopped against original orders. And have denied all the orders and prescriptions the Cancer center and Denver Health have issued to benefit the health and recovery of Mr. Rodriguez.

6.      On or about 5/2019, RMCC reordered the medication again because of the new treatment. Facility denied the orders again. From this date I have been denied the medication for the muscle spasms and cramps and nerve damage, along with the issue of having to go without Biotin for the dry mouth due from the treatments.

7.      On or about 7/2018, MR .Rodriguez was admitted to Denver health for liver failure due to the amount5 of TYLENOL in his system. The reason why he had Tylenol in his system was because the DRDC Providers only provided it to replace the pain medication they stopped without the Cancer Center oncologist Douglas Reznick MD knowledge.

8.      On or about provider Yegapan tried to place the Plaintiff on Mental Health medication to cover up the pain that all my pain is in my head. This incident is documented.

9.      On or about 8/2019, I was taken to aurora south from Rocky Mountain Cancer Center during my follow up, Because of severe Cellulitous on the left rib cage in which the clinic let it progress for a month without informing the primary care provider which is Rocky Mountain Cancer Center Douglas Reznick, MD.

10.     On or about 2/2020, I was hospitalized for Cellulitous on my neck and chest and treated and the emergency room doctor asked why I was not on prescribed medications the oncologists Douglas Reznick, MD Has ordered for me and answered CDOC does not want to provided them so I was prescribed the medication from Denver Health doctor and in which CDOC facility denied.

11.     On or about 9/2020, I was hospitalized for Cellulitous on my neck and chest treated and prescribed medication again and denied again from facility denied.

12.     On or about 3/2021, hospitalized for Cellulitous again on my neck and chest. And then was treated and prescribed medications.

13.     On or about 11/2021, I was hospitalized for the cellulitous and had blood poising and had my port removed because it was infected due to not having it flushed on a regular basis and was prescribed blood thinner for blood clots and on 2/15/2022, I was taken off the medication for the blood clots   without seeing the doctor at Denver Health to see if blood clots have gone away, along with the biotin it was not ordered again and has for the last 6 months continually having to be reordered and myself being without it.

14.    On or about 5/2021, I was referred to see a neck specialist by RMCC Dr. D. Reznick, MD and told by the provider Zackary Campbell that I would not see one because no matter what a specialist suggest CDOC will not adhere to them so it would be pointless to see one.

15.    On or about 1/2022, I was seen by Rocky Mountain Cancer Center Dr. Douglas Reznick, MD about my scans and did a physical exam talked about the restricted movement in my neck that has gotten worse and continues to deteriorate and is frustrated about the fact that CDOC is not providing the ordered medications. And he reordered the medication again and to this date I still have not received any that I need. CDOC has told primary provider RMCC Dr. Douglas Reznick, MD that CDOC does not offer that type of medication. Yet, that is not true because other CDOC cancer patients and mental health patients that are on the same medications that the Cancer center MD has ordered for their recovery.

16.    As of 5/2021, I have discussed this issue with my primary provider Dr. Douglas Reznick, MD every month I have done my treatment and follow ups and have taken the alternative medication CDOC has offered which do not work. Also my primary provider has explained this to CDOC. Which is the one other reason I was referred to a neck specialist so that CDOC can receive another specialist order about medications I need because CDOC has continued to deny ALL orders from Rocky Mountain Cancer Center – Denver Health E.N.T and Emergency Room doctors.

17.    On or about 8/2021, I was informed by the H.S.A Tina Cullyford that CDOC does not have to go by no recommended orders by any specialist and that my primary provider Rocky Mountain Cancer Center Dr. Douglas Reznick MD has never ordered me prescribed medications So I was shown the document to Dr. Douglas Reznick and was disturbed by Tina Cullyford's statements.

## CLAIM I : *"GROSS NEGLIGENCE"*

The Plaintiff asserts contentions in this Claim of *"Gross Negligence"* against Ms. Valli Yegappan, MD, and her employer the Colorado Department of Corrections under **42 USC § 1983** in violation of his **8th** and **14th Amendments of the United States Constitution**, for the following reason as stated.

The CDOC's medical provider by contract, Ms. Valli Yegappan, MD, was assigned the affirmative duty as a state actor to provide the Plaintiff with adequate medical care pursuant to the agreement signed by him upon his transfer under the custody of the CDOC. However, on or about 09/30/2017, upon arriving at the DRDC med-line to receive my ordered prescription medication as directed by my cancer specialist Dr. Reznick, MD on 09/26/2017, the Plaintiff was utterly refused such prescribed medication per Ms. Yegappan. Then on or about 03/08/2018, the Plaintiff filed a grievance # C- DU17/18-00127459 concerning the issue for why he was being refused the prescriptions order by his primary specialist Dr. Reznick, MD, yet his grievance was utterly denied without valid reasoning. Therefore, to the date of filing this complaint the Plaintiff has continued

6

to be denied his prescription medication as ordered by Dr. Reznick, MD thus subjecting him to inadequate medical care, undue pain, suffering, and possible permanent impairment. Moreover the Plaintiff contentions are that had he been provided with adequate medical care from the start of his cancer treatment, as also insisted by his primary doctor, he would not have had to be subsequently treated for his neck injury caused by CDOC as mentioned above in his medical history.

## CLAIM II: *"DISCRIMINATION"* PUSUANT TO 42 USC § 1981

The Plaintiff asserts contentions in this Claim of *"Discrimination"* against Ms. Valli Yegappan, MD and her employer the Colorado Department of Corrections under **42 USC § 1981** in violation of his **8th** and **14th Amendments of the United States Constitution**, for the following reason as stated.

The CDOC medical provider Ms. Valli Yegappan, MD directly interfered with Plaintiff's contractual rights under **42 USC § 1981** on or about 09/30/2017, to provide adequate medical care under the Medical Health Care agreement signed by him when he was refused his order prescription medication by his primary care specialist Dr. Douglas Reznick, MD. The Plaintiff made several tangible attempts to complete the fulfillment of right toward the contractual relationship between him and CDOC medical staff by (1) showing up at the med-line on time to receive his ordered prescribed medication, (2) putting in emergency kites to inform the CDOC medical staff that he was authorized to receive his prescribed medication, and (3) exhausted state remedies using the CDOC's administrative grievance process to request his ordered prescription medications, which were denied without valid reasoning. Furthermore, the Plaintiff has in fact discussed this situation with his primary cancer specialist every month as of 5/2021, to this date of how CDOC medical staff has continued to deny his request to receive prescribed medication without valid reason.

## CLAIM III: *"VICARIOUS LIABILITY"*

The Plaintiff asserts contention in this Claim III of *"Vicarious Liability"* against the Defendant(s) Colorado Department of Corrections because of their medical staff's violation of his **8th** and **14th AMEND. of the U.S. CONST.**, for *"Gross Negligence"* under **42 USC § 1983** and *"Discrimination"* under **42 USC § 1981,** while their medical staff were *acting "within the course and scope of employment"* at the date and time of these above violations.

The CDOC medical provider for DRDC Ms. Valli Yegappan, MD on or about 09/30/2017, acting *"within the course and scope of employment"* deprived the Plaintiff of adequate medical care. As the assigned CDOC medical provider at DRDC for the Plaintiff under contract Ms. Valli Yegappan, MD and Mr. Zackary Campbell had the affirmative duty to provide and administer proper medical care as instructed under the CDOC Policy for Medical Health Care, which they fail to do as stated in the above and subsequent medical history.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? No.

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    X  Yes

Did you exhaust administrative remedies?

    X Yes

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

I would like to request that this Court take into consideration that the Plaintiff in this instant complaint was unable to prepare this legally as he is not familiar with legal terms and suffers greatly from mental illness along with sever cancer symptom that put him at a disadvantage to pursue legal remedies without an actual attorney. In fact this complaint was completed and prepared by a pro se litigant prisoner other than himself in his same living unit. Therefore, it axiomatic that not only would the Plaintiff Dennis Rodriquez #84369 assert that that he would like to enjoy relief by being made whole, yet he also prays that this Court would take consideration of appointment of counsel provided he are applicable upon the drawing of this civil action for deemed furthered proceedings.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this

complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

S/ *Dennis Rodriguez*

Dennis Rodriguez
#84369

(Date): ~~February 15th 2022~~ March 3, 2022

## AUTHORIZATION

I, Dennis Rodriguez, request and authorize the agency holding me in custody to calculate and disburse funds from my inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b). This authorization is furnished in connection with this civil action and I understand that the total filing fee of $350.00 is du and will be paid from my inmate trust fund account or institutional equivalent regardless of the outcome of this case.

Prisoner Name (please print): Dennis Rodriguez

Prisoner Signature: *Dennis Rodriguez*

9

## AUTHORIZATION

I, _Dennis Rodriguez_, request and authorize the agency holding me in custody to calculate and disburse funds from my inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b). This authorization is furnished in connection with this civil action and I understand that the total filing fee of $350.00 is due and will be paid from my inmate trust fund account or institutional equivalent regardless of the outcome of this case.

Prisoner Name (please print): _Dennis Rodriguez #84369_

Prisoner Signature: _Dennis Rodriguez_

## CERTIFICATE OF SERVICE

I, Dennis Rodriguez #84369, certify that a true and correct copy of the "Prisoner Complaint" pursuant to 28 U.S.C. §1915 was handed to a DADC officer to be placed in the U.S. Postal Service Mail to the address below as of March 3, 2022.

United States District Court
Office of the Clerk
901 19TH Street Room A-105
Denver, CO 80294

s/ Dennis Rodriguez
Dennis Rodriguez

Dennis RODRIGUEZ #84369
D.R D.C
POBOX 392004
Denver Colorado
      80239.

LeGALMAIL

COLORADO DEPARTMENT OF CORRECTIONS
DENVER RECEPTION AND DIAGNOSTIC CENTER
OFFENDER MAIL

UNITED STATES DiStRiCT COURT
office of the Clerk
901 19th street Room A-105
DENVER, Colorado
          80294

3.102

FIRST-CLASS MAIL
neopost
03/08/2022
US POSTAGE $001.56⁰
ZIP 80216
041L12205053

DRDC

FACILITY: Blair
STAFF LAST NAME
DC#: 84749
OFFENDER LAST NAME: Rodriguez

DATE REC'D: 3/7/22
ID#: 26134
INT: FB